# IN UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HOT SPRINGS DIVISION

**TAMMI VAUGHN**                                                                                     **PLAINTIFF**

**vs.**                                              **Civil No. 6:19-cv-06058**

**ANDREW SAUL,**                                                                **DEFENDANT**
**Commissioner, Social Security Administration**

## MEMORANDUM OPINION

Plaintiff, Tammi Vaughn, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**      **Background:**

Plaintiff protectively filed her application for SSI on November 14, 2016. (Tr. 21)[1]. She also filed an application for DIB on the same date. *Id*. In her applications, Plaintiff alleged being disabled due to: bipolar disorder, seizures, degenerative disc disease in her neck and spine, extreme anxiety, panic attacks with blackout, possible scoliosis, crushed disc in neck, migraines, pain

---

[1] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 10, These references are to the page number of the transcript itself not the ECF page number.

induced hypertension, short term memory loss, hepatitis C, and spinal cord misalignment with an alleged onset date of June 1, 2008. (Tr. 21, 311). Plaintiff's application was denied initially and again upon reconsideration. (Tr. 21). Plaintiff requested an administrative hearing and that administrative hearing was held on August 28, 2018. (Tr. 63-95). At this hearing, Plaintiff was present and represented by counsel, Shannon Carroll. (*Id*.). Plaintiff and a Vocational Expert ("VE") testified at the hearing. (*Id*.). At the hearing, Plaintiff amended her onset date to November 14, 2016, and voluntarily withdrew her request for hearing as it applied to the application for a period of disability and disability insurance benefits. (Tr. 21, 65).

Following the administrative hearing, on December 12, 2018, the ALJ entered an unfavorable decision. (Tr. 18-39). The ALJ found Plaintiff had not engaged in substantial gainful activity since her amended onset date of November 14, 2016. (Tr. 24, Finding 1). The ALJ determined Plaintiff had the severe impairments of: degenerative disc disease status post cervical fusion, occasional staring spells, headaches, fibromyalgia, bipolar disorder, anxiety disorder, post-traumatic stress disorder (PTSD), and attention deficit hyperactivity disorder (ADHD). (Tr. 24, Finding 2). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 24-26, Finding 3).

The ALJ considered Plaintiff's subjective complaints and determined her RFC. (Tr. 26-31, Finding 4). The ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id*. The ALJ determined that with mild to moderate pain, Plaintiff retained the RFC to:

> [P]erform light work as defined in 20 CFR 416.967(b) noting that she can sit six to eight hours in an eight-hour workday, and stand or walk for six hours, up to two hours without interruption. She can occasionally climb, stoop, crouch, kneel, or

2

crawl; and perform frequent reaching with her dominant upper right extremity, with no restrictions on the left. The claimant cannot work at unprotected heights, cannot climb scaffolds or ladders, and cannot drive a car, taxi, bus, or forklift.

Additionally, the claimant is limited to unskilled, rote activity, noting that she can understand, follow, and remember concrete instructions, can have superficial interactions with coworkers and supervisors, but no contact with the public
*Id*.

The ALJ also found Plaintiff retained the RFC to perform sedentary work, with the same restrictions listed above. *Id*. The ALJ found Plaintiff had no Past Relevant Work ("PRW"). (Tr. 31, Finding 5). However, the ALJ found there were jobs in the significant numbers in the national economy that Plaintiff could perform. (Tr. 31-32, Finding 9). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of sub assembler with approximately 10,000 jobs in the nation, or press operator with approximately 30,000 jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff was not disabled at any time from November 14, 2016, through the date of his decision. (Tr. 32, Finding 10).

On May 29, 2019, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 14, 15. This case is now ready for decision.

2.  **Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff

must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

Plaintiff brings the following points on appeal: 1) Whether the ALJ failed to properly analyze her unsuccessful back and neck surgery, due to migration of hardware, and its limiting effects when assessing her RFC; and 2) Whether the ALJ failed to properly analyze the effects of her difficulty focusing on her mental RFC. ECF No. 14. The Commissioner argues substantial evidence supported the ALJ's RFC findings. ECF No. 15.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of April 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE